UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ASHANTA MARSHALL,

                  Plaintiff,                       **MEMORANDUM AND ORDER**
  -against-                                        15-CV-6808 (RRM) (LB)

AFRICA MARSHALL,
a/k/a AFRICAN MARSHALL,
a/k/a AFRICAN SARAC-MARSHALL,

                  Defendant.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Ashanta Marshall filed the above-captioned complaint on November 30, 2015. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the purpose of this Order. For the reasons that follow, the complaint is dismissed.

## BACKGROUND

Plaintiff appeared before the Court in a previous action, in which he also named his brother, Africa Marshall, as a defendant, and successfully litigated his copyright claims. *See Marshall v. Marshall*, No. 08-CV-1420, 2012 WL 1079550 (E.D.N.Y. Mar. 30, 2012). Following a two-day bench trial held on August 1−2, 2011 before Magistrate Judge Lois Bloom, Judge Bloom issued an Opinion and Order finding that defendant Africa Marshall had infringed plaintiff Ashanta Marshall's copyright and awarded $25,000 in damages against defendant. *Id.* at 1, 31. The Order also enjoined defendant from using the materials protected by plaintiff's copyrights and from using plaintiff's name, image, and likeness for any commercial purpose without plaintiff's consent. *Id.*

According to the instant complaint, plaintiff has faced many new challenges since the previous action. Plaintiff's mother, Evadne Dixon, sought to have plaintiff arrested after Judge

Bloom's Order was entered.  (Compl. (Doc. No. 1) at 3.)  In addition, plaintiff alleges that defendant violated Judge Bloom's Order by "steal[ing] and destroy[ing] plaintiff Ashanta Marshall[']s U.S. copyrighted intellectual property, copyrighted DVD masters, data, documents, content and videos which were the subject of Eastern District Court Judge Lois Bloom[']s ruling and judgement against defendant."  (*Id.* at 1.)  Plaintiff further alleges that defendant "is unlawfully in possession of everything owned by plaintiff," including personal and business property worth more than $150,000, and that defendant is "using Facebook and Instagram to monitor and stalk plaintiff."  (*Id.*)

The following additional details are taken from the complaint and assumed to be true for the purpose of this Order.  On February 22, 2015, plaintiff and Dixon verbally agreed that plaintiff would move into Dixon's apartment, remodel the apartment, and care for her.  (*Id.* at 3.)  Between February 20, 2015 and April 1, 2015, plaintiff remodeled the apartment at his own expense and hosted a retirement celebration and birthday party for Dixon on March 7, 2015.  (*Id.*)  During this period, Dixon apologized to plaintiff for having previously tried to have him arrested after Judge Bloom's March 30, 2012 Order.  (*Id.*)  On April 1, 2015, plaintiff announced plans to open a new salon and an interior design business and posted his launch plans on social media websites.  (*Id.* at 3−4.)  Defendant then posted a negative statement about plaintiff on plaintiff's "Go Fund Me" fundraising page.  (*Id.* at 4.)  "On or about 4/11/15 Evadne Dixon suddenly left the apartment to go live with Africa Marshall & wife which puzzled plaintiff, as defendant never visited her and never attended her birthday & retirement party."  (*Id.*)  On April 13, 2015, Dixon left a voicemail message for plaintiff stating that she was moving out and that "she was putting Ashanta Marshall[']s name on the lease so he could continue to live there and continue building his business and he could use the home for the business."  (*Id.*)  During the

period from April 24 to April 28, 2015, defendant "conspired with Evadne Dixon to harm plaintiff Ashanta Marshall and bring false allegations to [f]amily court to exclude Ashanta Marshall from the home." (*Id.*) "During this time Evadne Dixon showed up at the apt. with police for no reason to take her clothing out of the apt., served plaintiff with an 11 day notice to quit, and commenced an illegal lockout against plaintiff changing locks, and filing false claims in family court against plaintiff." (*Id.*) Plaintiff was forced to leave the apartment on April 28, 2015, with no access to his belongings. (*Id.*)

On April 30, 2015, plaintiff observed a van full of his belongings outside of the apartment and confronted defendant. (*Id.* at 4−5.) Defendant stated, "I am still entitled to all profits, the business, income, and your possessions regardless of what Judge Bloom thinks she can order me to do, her ruling was a joke and everything you own is now mines [*sic*]. I am not paying you a dime and you will never recieve [*sic*] anything from me. Judge Bloom cannot force me to pay you!" (*Id.*) Dixon stated, "The judge made a big mistake so we will correct it ourselves!" (*Id.*)

Plaintiff appealed to the police and to family court; but when plaintiff arrived at the apartment with the police and pursuant to the court's orders for access on specified dates, Dixon would not permit plaintiff to retrieve his property. (*Id.* at 5−6.) On August 1, 2015, defendant removed plaintiff's television and other articles of plaintiff's property. (*Id.* at 6.) On August 22, 2015, when plaintiff was finally able to enter the apartment, accompanied by the police, almost all of his belongings were gone. (*Id.* at 6−7.) Plaintiff filed a police report, and defendant was arrested for grand larceny. (*Id.* at 6.) Plaintiff received an order of protection against defendant on October 26, 2015. (*Id.* at 1.)

Plaintiff alleges that defendant has interfered with his relationship with their mother, "who is showing signs of shizophrenia" [*sic*]. (*Id.* at 9.) Plaintiff also alleges that defendant and "accomplices" have threatened him with bodily injury and that defendant's actions have caused him financial and emotional harm. (*Id.* at 8−9.)

Plaintiff cites provisions of the United States Copyright law, 17 U.S.C. § 106A(3)(b), and portions of the Uniform Code of Military Justice, 10 U.S.C. § 921 and § 922. (*Id.* at 2.)

His request for relief asks that defendant be "sanctioned and disciplined," ordered to return all of plaintiff's property, and ordered to pay plaintiff $2 million in damages. (*Id.* at 10−11.) Plaintiff also seeks to enforce the $25,000 judgment issued in *Marshall v. Marshall*, No. 08-CV-1420. (*Id.* at 11.) Further, he asks the court to "order [c]ivil and [c]riminal [j]udgement and discipline against defendant Africa Marshall for willfully disobeying the court," including fines and "ordering him to[]do 6,600 hours of community service." (*Id.* at 11−12.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is inapplicable to legal conclusions. *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

**DISCUSSION**

It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation marks omitted). Pursuant to Article III of the Constitution, Congress has granted district courts jurisdiction to hear only those cases in which there is either a federal question or where jurisdiction is based on diversity of citizenship. *See Perpetual Secs., Inc. v. Tang,* 290 F.3d 132, 136 (2d Cir. 2002). If subject matter jurisdiction is lacking, a case may not be brought in federal court. "Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte.* If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier,* 211 F.3d 697, 700–01 (2d Cir. 2000). Accordingly, "before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." *Wynn v. AC Rochester,* 273 F.3d 153, 157 (2d Cir. 2001).

Plaintiff's complaint does not assert a valid basis for this Court's jurisdiction over his claims. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). Here, plaintiff cites copyright law and, oddly, the Uniform Code of Military Justice, which contains criminal laws applicable only to members of the armed services and other limited categories of people not applicable here, such as "[p]risoners of war in custody of the armed forces." 10 U.S.C. § 802 ("Persons Subject to this Chapter"). Having carefully reviewed plaintiff's complaint and attached exhibits, the Court can find no new alleged copyright violation that would bring plaintiff's claims within the purview of

the federal court.  The provision plaintiff cites holds that "the author of a work of visual art . . . shall have the right . . . to prevent any destruction of a work of recognized stature, and any intentional or grossly negligent destruction of that work is a violation of that right."  17 U.S.C. § 106A(a)(3)(b).  However, the Copyright Act specifically defines "a work of visual art" as existing in a single copy or a limited edition, and specifically excludes any "motion picture or other audiovisual work, book, magazine, newspaper . . . or similar publication [and] any merchandising item or advertising, promotional, descriptive, covering, or packaging material or container."  17 U.S.C. § 101.  Thus, plaintiff's copyrighted videos or other commercial material would not be covered under the provision that he cites.  Plaintiff has not suggested that his brother is a member of the armed forces or otherwise subject to the provisions of the Uniform Code of Military Justice contained in 10 U.S.C. § 921 and § 922.

Plaintiff's factual allegations suggest possible violations of state criminal laws or causes of action under state law, but federal courts do not have independent jurisdiction to enforce state laws.  "With rare exceptions not here relevant, criminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue or cease prosecution."  *Solomon v. H.P. Action Ctr.*, No. 99-CIV-10352, 1999 WL 1051092, at *1 (S.D.N.Y. Nov. 19, 1999); *see also Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another").  Indeed, it appears that defendant faces state criminal charges in connection with his alleged theft of plaintiff's property.  That state court proceeding is the proper jurisdiction to hear state criminal charges, not this federal court.  To the extent that plaintiff wishes to report additional crimes, such as threats or harassment, he may do so with the

appropriate law enforcement agency. Should he believe that he has tort claims under New York State law, he may raise those claims in state court.

To the extent that plaintiff seeks to enforce the Court's judgment in No. 08-CV-1420, he may seek a writ of execution in that proceeding pursuant to Rule 69 of the Federal Rules of Civil Procedure.

Pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, here, an amendment would be futile for the reasons stated herein.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed, without prejudice. The Clerk of Court is directed to enter judgment accordingly, mail a copy of the judgment and this Memorandum and Order to plaintiff *pro se*, and close the case.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444−45 (1962).

    SO ORDERED.

    *Roslynn R. Mauskopf*
    _____
    ROSLYNN R. MAUSKOPF
    United States District Judge

Dated: Brooklyn, New York
       January 29, 2016